**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **UNIQUE MICA GREEN,** | § | **CASE NO: 22-30587** |
| | § | |
| Debtor. | § | **CHAPTER 13** |
| | § | |

### RYAN W. LANE AND HEALING FAVOR INVESTMENTS, LLC'S MOTION TO LIFT STAY

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON MAY 4, 2022 AT 1:30 P.M., IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002.**

COMES NOW, RYAN W. LANE, and derivatively on behalf of HEALING FAVOR INVESTMENTS, LLC, ("Healing Favor"), and files this Motion to Lift Stay, and, respectfully, moves the Court to lift the stay in this case for the purpose of allowing him and Healing Favor to pursue their claims against Unique Mica Green in Cause No. 2018-79647, and styled *Ryan W. Lane v. Healing Favor Investments, LLC, v. Unique Mica Green*, In the 333rd Judicial District Court of Harris County, Texas, (the "Lawsuit"), as well as to allow Healing Favor to foreclose on the real property and improvements located at 4630 Perry Street, Houston, Texas 77021, (the "Property"), and in support thereof would respectfully show the Court the following:

## I.
## BACKGROUND AND FACTS

1.      On July 29, 2016, the Property was purchased by Healing Favor from then owner of record, Lillian Price, for $150,000.00, cash. Healing Favor intended to open an assisted living facility on the Property but after purchasing the Property determined that the Property would not work for the same and decided to sell the Property, hopefully, for a profit. Healing Favor member, Ryan Lane, (hereinafter sometimes referred to as "Lane" or "Ryan W. Lane"), put the Property up for sale, and on or about February 21, 2019, sold the Property to Debtor, Michael J. Green, *aka* Unique Mica Green, ("Green"), on a seller financed basis. The General Warranty Deed with Vendor's Lien dated February 21, 2019, was recorded in the Real Property Records of Harris County, Texas, along with the Deed of Trust securing Healing Favor's interest in the Property.

2.      On March 5, 2019, a Loan Servicing Agreement was executed by Green and Ryan W. Lane, as the President and Managing Member of Healing Favor. As Healing Favor did not service its loans and with the expectation of selling the loan to a 3rd party, Healing Favor hired  TEXSTAR Escrow to collect the principle and interest payments of $2,017.85/month on the Promissory Note executed by Green on February 21, 2019, with a Promissory Note maturity date of January 21, 2049.

3.      After all that, out of the blue, and before the first payment on the Promissory Note, a General Warranty Deed with No Lien, (emphasis added), dated March 5, 2019, ("GWDNL"), was recorded in Instrument No. RP-2019-104731 of the Property Records of Harris County, Texas, presumably by Green, (attached hereto as **Exhibit A**), which purports to transfer the Property to Green, essentially  free and clear of the Deed of Trust, in return, Green alleges, for the payment by Green of  $70,000.00 in cash money, which she contends was a part of prior deal with Lane, all for which there is no record or support, to include a receipt for the cash payment.  Undoubtedly, the recorded

GWDNL was a manufactured document that incorporated a signature block of Lane that he executed to attach to a court filing in his divorce case that was pending at the time. The GWDNL was an obvious manufactured document for other reasons as well: (i) it has a different font on page one (1) compared with page two (2); (ii) the signature block form is incorrect for a deed but is consistent with a court filing; (iii) in a real estate transaction no such document would exist, in that if the original lien was satisfied, the deed of trust would simply be released; (iv) the "no-lien" language is nonsensical and unnecessary;  (v) Charles E. Hart, Jr., the notary public on the GWDNL, worked for Green, had no book documenting the event and had no specific memory of notarizing the GWDNL for Lane; (vi) Lane asserts that he did not execute the GWDNL; and (vii) Green has done this before as part of a different transaction, a previous General Warranty Deed dated December 13, 2017, was recorded as Instrument RP-2017-547565 by Green with the same font and similar form.

4.      Invariably, Green did not make the March 21, 2019 or any subsequent payments.

5.      Lane ultimately brought the Lawsuit, seeking a declaratory judgment that he had the authority to sell the Property on behalf of Healing Favor, for Conversion; Unjust Enrichment/Constructive Trust; Fraud, Fraudulent Transfer, and Fraud in a Real Estate Transaction; Breach of Contract; Failure to Pay Promissory Note/Suit on the Note; Quantum Meruit, Promissory Estoppel, and Unjust Enrichment; Theft pursuant to Texas Theft Liability Act; and for her Conspiracy with Charles E. Hart, Jr.

6.      The case, made the basis of the Lawsuit, was assigned by the Court to begin a jury trial, with voir dire and jury selection to begin on Thursday, March 3, 2022.  On the afternoon of Wednesday, March 2, 2022, Green's attorney indicated to counsel and the Court that Green had seen a doctor and had Covid-19.  Later that evening, Green's attorney, proffered a doctor's note and filed a Motion for

Continuance.  Green did not produce any test results or any HIPPA release by any doctor, as offered by the Court as a means to confirm the validity of the doctor's letter.  Instead, Green doubled down with another letter from the doctor.  Given the appearance and content of both letters and the signatures thereon, the Court questioned the authenticity of both letters and denied the motion.  As it turns out, it did not appear that Green ever saw any doctor, but certainly not the one who allegedly signed the letters, as she was not in the office on the day(s) Green alleged to have seen her.  In the meantime, the Court continued with voir dire and jury selection, on Thursday, March 3, 2022, without Green, and a jury was empaneled and instructed to return on Monday morning, as the Court ultimately determined that the trial for the Lawsuit could start on Monday, March 7, 2022.  The Court reasoned that given Green's representation that she had exhibited symptoms of Covid-19 beginning on March 2, 2022 and the current CDC guidelines which required a five (5) day period of isolation, she should have been okay to begin trial on March 7, 2022, and she certainly had the option of appearing by zoom.  However, prior to the beginning of trial, Green filed bankruptcy on March 4, 2022, which Lane and Healing Favor contends was filed in bad faith.

7.      In this regard, Green has a long pattern of criminal behavior that includes but is  not limited to being charged with tampering with a government instrument, violation of a protective order, aggravated assault of a family member and criminal investigations and/or convictions on multiple counts of forgery, filing false documents with civil courts, theft by check, unauthorized selling of motor vehicles, and assault.  Additionally, Green has numerous abstracts of judgment on file in Harris County, which include fraud.  Green is currently charged in approximately six (6) criminal cases in Harris and perhaps more in the surrounding counties.  In this regard, rather that re-state the entirety of the same herein again, attached hereto as **Exhibit B**, is Lane's Motion to Dissolve

Temporary Injunction preventing the foreclosure on the Property, which was filed in the Lawsuit on January 21, 2022, and its Reply to Green's response, which motion has since been granted by the state district court in the Lawsuit, all of which is incorporated herein as if set forth at length.  The documents constituting **Exhibit C** hereto are what Lane and Healing Favor have  discovered since the filing of **Exhibit B**, which documents  are either new or provide additional information or detail on items presented in **Exhibit B**.

8.	Aside from the anomalies in Green's bankruptcy filing, which shall be addressed below, it is obvious that the only purpose for Green' bankruptcy is to avoid trial, keep the Property, which she obtained through fraud, seeking now to use the bankruptcy courts to perpetuate her fraud and nothing more.

**II.**
**ARGUMENT AND AUTHORITIES**

9.	The stay should be lifted to, (1) allow the Lawsuit to proceed, and (2) to allow Healing Favor to foreclose on the Property.  Lane and Healing Favor also request that the stay be lifted on the Property itself providing *In Rem* relief to the Movants. The Lawsuit will have to be tried at some point and the only reason this bankruptcy was filed was to cause delay, as Green has no intention of paying anything for the Property, just to perpetuate her fraud and steal the same.  Accordingly, there is no basis for the bankruptcy.  **Exhibits A, B, and C** have been attached to evidence the fact that Green will do anything, to include using trickery, deception,  artifice, and devise to accomplish her goals.   This bankruptcy filing simply adds to the list.   Second, the bankruptcy filing itself is fraudulent and filed in bad faith. Consider the following:

10.	On page 1 item 2 in Part 1, the debtor indicates that the only name she has used in the last

8 years is the one under which she filed bankruptcy.  While that is certainly not the case, generally, she contradicts herself on her own filing using the name Unique Mica Green-Battle on page 2.  See also **Exhibit C**, hereto. In item 4 on page 2 she implies that she owns or uses a business called "A Community Funeral Home", and confirms the same in Part 3 item 12, which business she does not own, which begs the question, why is she filing bankruptcy or how does she qualify for the same, if, as it is her contention that she owns the Property free and clear.  In item 5 on page 2, she claims to live at 1116 Elberta St.  1116 Elberta, upon information and belief, is a burned down house in which no one lives.  Next, while the debtor apparently produced a credit counseling certificate there is no reason to believe she timely complied the same, as it would mean that she would have had to anticipate filing bankruptcy, which is doubtful at best.   Finally, upon information and belief the social security number she used in the filing is that of someone else. She couldn't even use her own social.  See also **Exhibit C** in this regard.

11.     Invariably, the stay should be lifted to (1) allow the Lawsuit to proceed, and  to (2) allow Healing Favor to foreclose on the Property, as the bankruptcy was filed for the sole purpose of the further perpetuation of a fraud, and the debtor's application, on its face is a fraud and filed in bad faith, which bankruptcy this  Court should dismiss with prejudice to be re-filed for at least one (1) year.

### III.
### PRAYER

12.     WHEREFORE, PREMISES CONSIDERED,  Ryan W. Lane prays that the Court grant his Motion to Lift the Automatic Stay in this case to allow (1) Lane and Healing Favor to pursue their claims against Green in the Lawsuit, and (2) Healing Favor to pursue and/or foreclose on the Property, and for any and all other and further relief, in law or in equity, to which they may be

entitled.

Respectfully submitted,

DABNEY  PAPPAS

By: /s/  Gus E. Pappas
    Gus E. Pappas
    State Bar No. 15454850
    gus@dabneypappas.com
    1776 Yorktown, Suite 425
    Houston, TX 77056
    713-621-2678  Telephone
    713-621-0074  Facsimile

ATTORNEY FOR RYAN W. LANE AND
HEALING FAVOR INVESTMENTS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record through the Court's electronic filing system on this the 8th day of April, 2022.

/s/ Gus E. Pappas
Gus E. Pappas

## CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to confer with Randal Telford, Ms. Green's attorney in the Lawsuit, but I received an automatic reply that he is out of town until next Thursday.

/s/ Gus E. Pappas
Gus E. Pappas