IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 20 2022

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| UNIQUE MICA GREEN, § § § | |
| DEBTOR § § § § | CASE NO. 22-30587 (CHAPTER 13) |

**DEBTOR'S RESPONSE TO ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY'S EXPEDITED MOTION TO CONVERT TO A CHAPTER 7**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

COMES NOW, UNIQUE MICA GREEN, Debtor filing this Response to ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY'S Motion to CONVERT TO my bankruptcy case A CHAPTER 13 to a Chapter 7 and would show the court as follows:

**JURISDICTION**

1. Debtor asserts this court has jurisdiction pursuant to 11 U.S.C. §§1307(f) because debtor is a farmer with livestock animals.

**NON-EXPEDITED FACT**

2. Allstate is seeking the Court to stop the clerk from dismissing this case prior to a hearing. Debtor did not file her Schedules and Statement of Financial Affairs within 15 days of the filing of her Voluntary Petition. Debtor requested an extension to April 4, 2022, but still has not filed her Schedules and Statement of Financial Affairs. As the

Court is aware the Clerk may dismiss this case without hearing based on the Debtor's omissions. Allstate seeks to avoid the Clerk dismissing this case prior to this hearing on the Motion to Convert to A Chapter 7.

## FACTS

3. Debtor first ask the court to ask why has Allstate involved itself in Debtor's Bankruptcy case? The answer is Allstate has constantly harassed and pursued Debtor and continues to cause undue hardship and stress on the Debtor, because Debtor's mother is suing Allstate for a house fire the Debtor's mother suffered in December of 2017. Allstate has denied Debtor's mother's claim and has not paid the claim, leaving Debtor's mother displaced from her family's home of 40 years.

4. Debtor's mom was issued a 14-page report from the Houston Police Arson Department listing Debtor's mother's house fire as accidental and Allstate has refused to pay the claim.

5. Allstate has pursued Debtor constantly with fishing expeditions and should be stopped from involving itself is Debtor's bankruptcy. Allstate is causing Debtor extreme mental anguish and depression.

6. If Allstate asserts it is a creditor in Debtor's bankruptcy, it should file a motion stating that and nothing more. Allstate should not be allowed to involve itself in Debtor's case or ask the Court to change the type of Bankruptcy because they want to do so.

7. On March 4, 2022, Debtor filed her Chapter 13 bankruptcy.

8. Debtor has filed her schedules and though not timely they have been filed and have caused no prejudice.

9. Allstate has no interest in or right to involve itself in Debtor's personal bankruptcy case.

10. Debtor has not listed Allstate as a creditor.

11. Section 1307(c) and (d) allows a party in interest to move for the conversion of a Debtor's case for unreasonable delay that is prejudicial to the creditor, nonpayment of any fees and charges and failure to commence making timely payments under section 1326 and fraud on this court. Debtor has not committed fraud on this court or any court. There is no unreasonable delay that is prejudicial to any interested party pertaining to Debtors' bankruptcy. Debtor is indigent and cannot afford to pay any fees.

12. Debtor filed Chapter 13 bankruptcy because after research, Chapter 13 bankruptcy partially eliminates debt while reinstating other debt through a court-approved repayment plan lasting 3 to 5 years.

13. Debtor had a motorcycle accident the beginning of April 2022, where debtor was the driver of the motorcycle and was not wearing a helmet. Debtor sustained serious injury and sprained her left wrist. Debtor has limited mobility in left hand and has not been able to work and is indigent.

> 1. Pursuant to 11 U.S. Code § 1307 - Conversion or dismissal (f)
> The court may not convert a case under this chapter to a case under chapter 7, 11, or 12 of this title if the debtor is a farmer, unless the debtor requests such conversion. Debtor Unique M. Green in this case is a farmer with livestock and has not requested the court to convert Debtor's bankruptcy from Chapter 13 to any other Chapter.

Wherefore, Premises Considered Debtor prays that this case is not converted to a Chapter 7 and for such other and further relief as the court deems Debtor justly entitled.

Respectfully submitted,

By: /S/ *Mrs. Unique M. Green*
Unique Green Pro, Se
1116 Elberta St
Houston, Texas 77051
Tel. (281)408-3103
Email: greenmica1980@aol.com
NO FAX NUMBER:
Unique Green, Individually

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2022, a true and correct copy of the above and foregoing Response to Motion to Convert to A Chapter 7 was served, via electronic delivery or first-class mail, postage prepaid, upon the parties and attorneys listed on the attached Service List pursuant to Rule 9007 of the Local Rules.

**TRUSTEE**
US Trustee
515 Rusk
Houston, Texas 77002

**Debtor's Attorney**
PRO SE

**Office of U.S.Trustee**
William E. Heitkamp
Office of the Chapter 13 Trustee
9821 Katy Freeway
Suite 590
Houston, Texas 77024

**Edgar A. Goldberg for Allstate**
6525 Washington Avenue
Houston, Texas 77007

/s/Unique M. Green