UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS (HOUSTON)

IN RE:                              .      Case No. 22-30587
                                    .      Chapter 7
UNIQUE MICA GREEN,                  .
                                    .      515 Rusk Street
                                    .      Houston, TX 77002
              Debtor.               .
                                    .      Thursday, April 21, 2022
. . . . . . . . . . . . . . . .     .      9:11 a.m.


TRANSCRIPT OF MOTION FOR EXPEDITED CONSIDERATION [28]
BEFORE THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            UNIQUE GREEN (Pro se)
                           1116 Elberta Street
                           Houston, TX 77051
                           (281) 408-3103

For Allstate Indemnity     EDGAR A. GOLDBERG, ESQ.
Company, Allstate          6525 Washington Avenue
Vehicle & Property         Houston, TX 77007
Insurance Company:         (713) 629-5889

                           Nistico, Crouch & Kessler, P.C.
                           By:  DENISE LEISTEN, ESQ.
                           1900 West Loop South, Suite 800
                           Houston, TX 77027
                           (713) 781-2889

For the Chapter 13         William Heitkamp Chapter 13 Trustee
Trustee:                   By: KENNETH THOMAS, ESQ.
                           9821 Katy Freeway, Suite 590
                           Houston, TX 77024
                           (713) 722-1200


Audio Operator:            R. Becknal, ECR


Transcription Company:     Access Transcripts, LLC
                           10110 Youngwood Lane
                           Fishers, IN 46048
                           (855) 873-2223
                           www.accesstranscripts.com

     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

I N D E X
04/21/22

| WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| FOR THE MOVANT: | | | | |
| Sidney Erwin | 9 | 21 | -- | -- |
| Shelby Reitz | 23 | -- | -- | -- |

| EXHIBITS | ID | ADMITTED |
|---|---|---|
| ECF Numbers 37-1 through 37-52 | -- | 8 |
| ECF Numbers 44-1 through 44-2 | -- | 8 |

(Proceedings commence at 9:11 a.m.)

MR. GOLDBERG:  Edgar Goldberg for Allstate, the movant.

THE COURT:  Thank you, Mr. Goldberg.

MS. LEISTEN:  Denise Leisten, for Allstate.

THE COURT:  Thank you, ma'am.  All right.  Mr. Thomas.

MR. THOMAS:  Kenneth Thomas, for the trustee.

THE COURT:  All right.

MR. THOMAS:  Kenneth Thomas, for the trustee, Your Honor.

THE COURT:  Thank you.  And, Mr. Green, are you there?

MS. GREEN:  Yes, Your Honor, I'm here.

THE COURT:  Ms. Green, my apologies.  Are you able to turn your camera on?  I saw you earlier.

MS. GREEN:  I'm having camera issues.  I'm going to try it.

THE COURT:  Okay.  There we go.  Can you see us?

MS. GREEN:  Yes, sir.

THE COURT:  Okay.  All right.  Thank you.  All right.  Let me ask.  Mr. Goldberg, it is your motion.  Let me -- would you like to make any opening comments, given what has occurred since you filed your motion?  And let me ask you -- and I may just tell you where I'm headed.  The debtor

4

has filed a motion to dismiss without prejudice. That's not a possibility. The case is either going to get dismissed with prejudice or it's going to get converted to a 7.

Do you have any objection to the case being dismissed with prejudice? Or do you want the case converted to a 7? Do you want to consult with your client for a moment?

MR. GOLDBERG: Your Honor, I think we'd like to get it converted to a 7.

THE COURT: Okay. Fair enough.

And, Mr. Thomas, does the Chapter 13 trustee have a position in this case?

MR. THOMAS: Actually, we do, Your Honor. This is a case that actually screams for conversion to Chapter 7.

THE COURT: Okay. All right.

Then, Mr. Goldberg, if you would like to make any opening remarks, you're certainly welcome to. If you want to proceed ahead, to put on your case, happy to do that as well.

MR. GOLDBERG: Just briefly, Your Honor --

THE COURT: Could I ask you -- so Ms. Green can see you, I've only got a camera at the podium.

MR. GOLDBERG: Oh, yeah.

THE COURT: So if you would come to the podium so that she can see you.

MR. GOLDBERG: Yes.

THE COURT: Then, Ms. Portillo, if you'd turn that

on, please.

MR. GOLDBERG: Just briefly, Your Honor, I'm recently into this case, after the filing of the bankruptcy on March 4th. And we've been doing this for a long time. And, as the trustee says, this one screams for conversion to a 7. Dismissal with prejudice is severe. But, in this particular case, it won't stop the egregious behavior that we've been -- that Allstate and all of the creditors have been enduring for years.

I think, with the Court's guidance and enforcement, perhaps, we can get to some real answers, find out some real assets. There's a lot of judgments, indictments, criminal activity that, perhaps, we need to stop. And I think the best way to do it is a Chapter 7. And I can tell you that my client, who has been doing this for many years, is willing to help the Court in any way that it can to get to the bottom of all of this behavior.

THE COURT: All right. Thank you.

Let me ask, Mr. Thomas, did you want to make any opening remarks?

MR. THOMAS: Your Honor, it's obvious, from the pleadings that are on file with this case, is a non-starter as a 13. Given the representations of the creditors in this case, and, believe me, there are a ton of them who have been in contact with me, 7 is the proper place to clean everything up,

ACCESS TRANSCRIPTS, LLC            1-855-USE-ACCESS (873-2223)

6

I believe.

THE COURT:  All right.  Thank you.

Ms. Green, did you wish to make any opening comments? And you will have a chance to present your case.  But this is -- this is just your chance to tell me what I'm going to see during the hearing today.

MS. GREEN:  No, Your Honor.  I just wanted to file for dismissal and retain counsel to help me move forward with this.

THE COURT:  Understood.  All right.

Mr. Goldberg, your first witness.

MR. THOMAS:  Your Honor --

THE COURT:  Yes, sir.

MR. THOMAS:  Your Honor, if I could make a request. Could the Court request Ms. Green to lower her camera.

THE COURT:  So Ms. Green, you are --

MR. THOMAS:  All I can see is the top of her head.

THE COURT:  Yeah, it's -- Ms. Green, your camera is sort of cutting off, like, right the -- right sort of before you get to the bottom of your face.  Could you just tilt it down a little bit so that we can see you.  Is that as far as you can go?  Can you center your picture?  That's better. Okay.  All right.

Mr. Goldberg.

MR. GOLDBERG:  Yes, Your Honor.  I want to say, first

of all, that I have served Ms. Green with the actual filings from the court. I have emailed her the filings of the court. And I have sent a copy of the exhibits to the address that she listed in her bankruptcy schedules, of 116 Elberta.

THE COURT: Okay. I'll note for the record that Ms. Green is here, she filed a response. Clear to me that notice has been sufficient, under the circumstances.

MR. GOLDBERG: At this time, I'd like to move to admit Exhibits 1 through 54 and tender a copy to the court, and put one on the witness stand, and one to the court reporter.

THE COURT: Certainly. Mr. Goldberg, I just want to make sure that I understand. You said 1 through 54. What I have on the docket is 1 through 52.

MR. GOLDBERG: Yes, Your Honor.

THE COURT: Are there two --

MR. GOLDBERG: Yesterday, I filed two additional exhibits, 53 and 54.

THE COURT: Yes, you did. I'm sorry. At 44. I --

MR. GOLDBERG: And, once again, I emailed those to Ms. Green. And they are included in the exhibits that were physically sent to her.

THE COURT: All right. Thank you.

Mr. Thomas, any objections?

MR. THOMAS: Your Honor, we've had an opportunity to review them and we have no objections.

THE COURT:  All right.  Thank you.

Ms. Green, do you have any objections?

MS. GREEN:  I've not seen any of these exhibits, Your Honor.

THE COURT:  All right.  Thank you.  Then, pursuant to the protocol, I will admit exhibits identified as 37-1 through 37-52, and 44-1 through 44-2.

(ECF Numbers 37-1 through 37-52, and 44-1 through 44-2 received)

MR. GOLDBERG:  Your Honor, then I -- at this time, I'd like to call Sidney Erwin.

THE COURT:  All right.  Mr. Erwin, if you could please come forward, sir, right up here.

So Ms. Green, could you please turn your camera back on.  Okay.

Mr. Erwin, right up here.  And watch your step.  And if, before you sit down, if you would please sir if you would raise your right hand.

SIDNEY ERWIN, MOVANT'S WITNESS, SWORN

THE COURT:  All right.  Thank you, sir.  Please have a seat, get comfortable.  Just make sure that microphone is right in front of you.

THE WITNESS:  Okay.

THE COURT:  It's a directional mic.  So --

THE WITNESS:  Okay.

Erwin - Direct                                    9

THE COURT:  -- you don't want to be to the side.

Mr. Goldberg, whenever you're ready.

MR. GOLDBERG:  Thank you, Your Honor.

DIRECT EXAMINATION

BY MR. GOLDBERG:

Q    Would you state your name for the record, please.

A    Sidney Wayne Erwin.

Q    And Mr. Erwin, where do you live?

A    I live at 8238 Windy Dunes Drive.

Q    And what do you do for a living?

A    I'm a mechanic.

Q    And do you have a business?

A    Yes, sir, I do.

Q    And what is the name of your business?

A    Sidney's Auto.

Q    And where is that located?

A    6939 Calhoun.

Q    How long have you been at 6939 Calhoun?

A    12 years.

Q    And what kind of work do you there?

A    I do mechanic, paint and body, just a little bit of everything.

Q    Okay.  Let me ask you to turn --

MR. GOLDBERG:  May I approach the witness, Your Honor?

THE COURT:  Of course.

BY MR. GOLDBERG:

Q    What we have here is a book of exhibits.  So when I ask you to look at an exhibit, you can see they're all tabbed here. For instance, I'd like for you to turn to 44 --

A    Okay.

Q    -- which is a picture.  Can you tell me what that is?

A    That's a picture of my shops.

Q    And it -- is that located at 6939 Calhoun?

A    Yes, sir.

Q    Are there any houses there?

A    No, sir.

Q    Does anyone live there?

A    No, sir.

Q    Okay.  I'm going to show you what's been marked -- if you'll turn to Exhibit Number 50, please.

THE COURT:  So Mr. Goldberg, I'm going to need for you to go just a tad bit slower, because I'm going to post the exhibits to make sure they are broadcast out.

MR. GOLDBERG:  Yes, Your Honor, I'm --

THE COURT:  So -- no, no, no.  That's -- it just takes me a moment to --

THE WITNESS:  I don't see no bit in here.  I don't have a bit.

THE COURT:  So Mister --

ACCESS TRANSCRIPTS, LLC        1-855-USE-ACCESS (873-2223)

Erwin - Direct                                    11

THE WITNESS:  Oh, there it is.

THE COURT:  Okay.

THE WITNESS:  Okay.

BY MR. GOLDBERG:

Q    Okay.  I'll show you what's been marked as Exhibit -- now, let's see.  That's 49.  That's going to be 50.

A    Okay.

Q    Can you tell me what that is?

A    Something with my address on it.

Q    And what does it say at the top?

A    Office of Stanton, or whatever that is.

Q    Okay.  It -- this is -- let me represent to you that this is an assumed name record that shows that you are the owner of Sidney's Auto.  And that's your name, Sidney Wayne Erwin.  Is that correct?

A    Yes, sir.

Q    So -- and that's your signature next to it, isn't it?

A    Yes, sir.

Q    So that just shows that you really are the owner of Sidney's Auto?

A    Yes, sir.

Q    And you have been, for at least 12 years?

A    Yes, sir.

Q    Okay.  Now, we're going to get -- let me ask you to turn to Exhibit 22.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Erwin - Direct                                12

A    Okay.

Q    Let me represent to you that that is a lawsuit that says, Paulette King for Sidney's Autos.  Do you know a Paulette King?

A    No.  The name is not familiar, but the picture that was here was familiar.

Q    Which picture?

A    I don't know.  It's gone now.  It was --

Q    Oh --

A    -- on the screen.

Q    -- was it a African American picture --

A    Yeah.

Q    -- that you saw?

A    Yeah.

Q    And you've seen that person before?

A    I've seen that person before.

Q    Okay.  Well, we'll get to that in just --

A    Okay.

Q    -- a second.  Thank you.  You'll notice that it was filed on March 21st.  There's a file stamp, March 21st, 2022.

A    Okay.

Q    Do you see that?

A    Yes, sir.

Q    That means that this lawsuit was filed March 21st, 2022. Did you authorize anybody for Sidney's Auto to file this lawsuit?

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

A      No, sir, I did not.

Q      Now, this Paulette King, do you know a Paulette King?

A      That face look familiar.  I think I worked on one of her -- I think she have a funeral home.  I worked on her -- one of her cars at a funeral home.

THE COURT:  So Ms. Green, would you please turn your camera back on, ma'am.  I'm not going to ask you again.

MS. GREEN:  My WiFi's going in and out, Judge.

THE WITNESS:  Yeah.

THE COURT:  All right.  But you were on your --

MS. GREEN:  (Indiscernible).

THE COURT:  You were on your phone.

MS. GREEN:  Yes, sir.  So I dialed in on my phone, but the WiFi -- like, my service is going up and down.  So I'm here because I've got -- I've dialed in, put the code in.

THE COURT:  All right.

MS. GREEN:  But the --

THE COURT:  Go ahead.

BY MR. GOLDBERG:

Q      Mr. Erwin, do you recognize that voice?

A      Not the face.  Not the voice, but the face, I do.

Q      Okay.  And you said that you think she might have -- that the person that you saw on there owns a funeral home.  Is that correct?

A      I think.

Q    And you might have worked on one of her cars?

A    Uh-huh.

Q    Oh, okay.  But you don't know a --

MR. THOMAS:  Your Honor.

THE COURT:  Yes.

MR. THOMAS:  Your Honor, could I interject something at this point?  Just so the record is clear, may it be established that the witness is identifying the picture of Unique Green that was on the screen at the courtroom.

THE COURT:  So taken.

MR. GOLDBERG:  Thank you.

MR. THOMAS:  Thank you, Your Honor.

BY MR. GOLDBERG:

Q    So what this shows -- first of all, did you ever -- you don't know a Paulette King, though, correct?

A    No.

Q    And you never authorized Paulette King to file any lawsuits for Sidney Auto.  Is that --

A    No.

Q    -- correct?

A    That's correct.  I never -- there's nobody file no lawsuits for me.  I do them myself.

Q    Okay.  If you look at Paragraph 2, it says Plaintiff Paulette King is an individual whose address is 6939 Calhoun Street.

A       No, sir, that's my address.

Q       So that would not be true?

A       No, that's not true.

Q       This says that Paulette King, in the -- for Sidney's Auto, worked on a -- if you looked on Paragraph 11 on this lawsuit, worked on a 2012 BMW.

A       Yeah.

Q       Is that true?

A       No, sir.

Q       And is it safe to say that, although you would like it to be true, that you're not owed $27,300 from Unique Green?

A       I sure wish I were.  I could use it right now.  But, unfortunately, no.

Q       That's not true.  And, if you look at the last sentence, it says that Sidney's Autos, on March 21st, filed their certificate of service, to Unique Green and Toyota Motor Credit.  That is not true, correct?

A       No, sir.

Q       We have additional exhibit -- let's go to Exhibit Number 27.  This shows that Paulette King, once again, for Sidney's Auto, sued Charles Hart, Jr. (phonetic), on March 21st, 2022.

A       Don't know who that is.

Q       So Sidney's Auto did not do that.  And --

A       No, sir.

Q     -- and is it safe to say that you didn't work on that particular car, which is a -- let's see if we can find out, a Chevrolet, 1993 Chevrolet pickup truck, 1500?

A     No, sir.

Q     And, unfortunately, again, they don't owe you $18,000?

A     No, sir.

Q     And if you look at Exhibit Number 23, this is a pauper's affidavit for Sidney's Auto.  It says that you're indigent, and that Paulette King, or Paulette King for Sidney's Auto, is indigent, and that they shouldn't have to pay the filing fee because Sidney's Auto doesn't have enough money.  Is -- did you authorize this pauper's affidavit?

A     No, sir, I did not.

Q     I notice it says, "I am in the process of filing bankruptcy and my home is in foreclosure status."  That's not true for Sidney's Auto, is it?

A     No, sir.  My home been paid for, for years.

Q     And this was notarized by a Shelby Reitz.  Do you know who Shelby Reitz, have ever --

A     No, sir.

Q     -- met her?

A     Never met her, never heard of her.

Q     If you look at Exhibit 24, once again, it shows her mailing address is 6939 Calhoun.  That would not be true?

A     That's not true at all.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Erwin - Direct                                    17

Q     It says the phone number is 281-408-3103.  Do you know whose telephone number that is?

A     No.

Q     So we established on Exhibit 27 --

          MR. GOLDBERG:  I guess I should slow down, Your Honor, I guess, because it's not getting put up quick enough. Or are you keeping up?

          THE COURT:  No, I've kept up with you so far.

          MR. GOLDBERG:  Okay, okay.  I didn't look up.  It just occurred to me I might be going too quick.

BY MR. GOLDBERG:

Q     So if we go back to Exhibit 27, you did not authorize the filing of that lawsuit?

A     No, sir.

Q     Okay.  And if we go to 28, there's an amendment to this particular lawsuit.  You didn't authorize the amendment, on April 13th.  Is that correct?

A     No, sir, I did not.  No, sir.

Q     Now, do you know a Mr. Charles Hart?

A     No, sir.

Q     And, in Movant Exhibit Number 29, you did not authorize Paulette King to file this pauper's affidavit on your behalf --

A     No, sir.

Q     -- correct?

A     I did not.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Q    And if you'll look on Movant's Exhibit Number 30, it once again shows her mailing address to be 6939 Calhoun, and her phone number is 281-408-3103.  That --

A    That's -- I don't know that phone number.  That's my address, but I don't know this person, at my address.

Q    Okay.  Let's move to Exhibit Number 32.  Once again, this is, I will represent to you, is a plaintiff's original petition that was filed by Paulette King, for Sidney's Autos.

A    No, sir.

Q    You did not authorize her to file that?

A    No, I did not.

Q    And this was filed on March 21st, 2022, which is after March 4th, which was the date of the filing of Ms. Green's bankruptcy, okay.  So you didn't voluntarily violate the automatic stay, by filing suit against the debtor, correct?

A    Correct.

Q    Someone else did that?

A    Yes, sir.

Q    And, once again, this petition shows her address to be 6939 Calhoun.  Do you know a Melanie Circy (phonetic)?

A    No, sir.

Q    And did you ever work on a 2013 Jeep Wrangler?

A    Jeep Wrangler.

Q    This might be a red 2013 Jeep Wrangler.

A    I can't remember.  Most cars I work on, I get paid before

I even release the car.  So I can't remember that truck.

Q     Okay.  Well, this says that you're owed $24,500.

A     Oh, no.  No, no, no.

Q     That's --

A     If I had that money --

Q     -- so we're going to say that -- or are you going to say that everything in these three lawsuits are not true, and false?

A     Not true and false.  I never heard or seen none of this here.

Q     And, if we look at Exhibit Number 33, which is another pauper's affidavit, it uses the same language as the other affidavits.  But you didn't authorize the filing of those pauper's affidavit?

A     No, sir, I do not.

Q     And each one of those pauper's affidavit are acknowledged by Shelby Reitz.  Did you --

A     I don't know who that is.

Q     You don't know who that is.  And if we look at Exhibit Number 34, once again, it has the -- it's a little incomplete, but the 408-3103 phone number, that's not your phone number, correct?

A     No, sir.

Q     So I asked you if you know a Unique Green, and you recognized the face --

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Erwin - Direct                                       20

A    I don't know the name, but I know the face.

Q    Okay.  So -- and you know that face because, why?

A    I think they have a funeral home or something affiliated with.  And I worked on a funeral home car, they -- one of their Cadillacs or something they had over there.

Q    I see.  Let's look at Exhibit Number 37.  I'll represent to you that that is a Jeep Wrangler.  Would you agree with me?

A    Yes, sir.

Q    And you're a mechanic.  So you know what a Jeep Wrangler looks like, correct?

A    Yes.

Q    Is that correct?

A    Yes, sir.

Q    All right.  Do you recognize that particular Jeep Wrangler?

A    I can't say.  I work on so many car it's -- it's unreal.

Q    Okay.  Now, I know -- let's go to Movant's Exhibit Number 38.

A    Okay.

Q    And I know that's a tough picture, but do you recognize that person?

A    That look like the person that -- that may be the one that worked on the car for the funeral home, I think.

Q    For the funeral home?

A    Yeah.

 

Erwin - Cross                                                    21

Q    I'll represent to you that that is Unique Green.  Is that possible, that that's the -- the woman that you knew at the funeral home?

A    Yes.

MR. GOLDBERG:  I pass the witness, Your Honor.

THE COURT:  All right.  Thank you.

Mr. Thomas, did you have any questions?

MR. THOMAS:  Just a couple, if I could.

THE COURT:  All right.

CROSS-EXAMINATION

BY MR. THOMAS:

Q    Mr. Erwin, my name is Ken Thomas.  I represent the Chapter 13 trustee.  I'm going to ask you a question about your knowledge.  And don't be embarrassed if you don't know the answer.  All right, sir?

A    Yes, sir.

Q    Are you aware that claiming someone is bankrupt, is libel, per se?

A    Yes, sir.

Q    Had you visited with a lawyer, or are you willing to visit with a lawyer, about someone alleging that you are bankrupt, when, in fact, you are not?

A    Wait a minute.  Say that again.

Q    Sorry.  Well, you -- would you be willing to visit with a lawyer to investigate whether or not someone is libel to you,

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Erwin - Cross                                    22

for alleging you are bankrupt, when you are not?

A    Yeah, because I ain't never file no bankruptcy.  I ain't bankrupt.

MR. THOMAS:  No further questions, Your Honor.

THE COURT:  All right.  Thank you.

Ms. Green, do you have any questions for Mr. Erwin? Ms. Green?  All right.

Mr. Erwin, thank you, sir.  You are free to step down.

Is there any reason Mr. Erwin cannot get back to his business?

MR. GOLDBERG:  No, Your Honor.  I want to thank the witness for coming down.  I know this was not easy for him.

THE COURT:  So Mr. Erwin, before you go, I want to make sure you understood what Mr. Thomas said.  And, number one, the process only works when citizens like you take the time to come down and make sure I know the truth.  So I appreciate your attendance here today.

It is a very serious thing, when someone asserts that you have filed bankruptcy, and you, in fact, haven't.  Because that can affect your credit, it can affect your ability to get financing, it can have all sorts of implications.  What Mr. Thomas was doing was he was telling you that you might want to talk to someone about what rights you have and what you can do in order to make sure that you don't suffer any negative

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Reitz - Direct                                           23

consequences from someone having publically said that you have filed bankruptcy, when, in fact, you have not.  He wasn't in any way suggesting that you had done anything wrong or that you had any issues.  He was -- what he was doing is he was telling you that, if someone has wrongfully asserted that you have filed bankruptcy, and, in fact, you haven't, that you have rights.  That's what he was doing.  Okay.

THE WITNESS:  Thank you.

THE COURT:  Thank you, sir.

MR. GOLDBERG:  Thank you, again, Mr. Erwin.

(Witness excused)

THE COURT:  Mr. Goldberg --

MR. GOLDBERG:  Thank you, Your Honor.

THE COURT:  -- your next witness.

MR. GOLDBERG:  At this time I'd like to call -- at this time I'd call Shelby Reitz.

THE COURT:  All right. Ms. Reitz, if you'd please come forward, please, ma'am.  Good morning.

MS. REITZ:  Hi.

THE COURT:  If you would, please raise your right hand.

SHELBY REITZ, MOVANT'S WITNESS, SWORN

THE COURT:  All right.  Thank you, ma'am.

DIRECT EXAMINATION

BY MR. GOLDBERG:

 

Reitz - Direct                                    24

Q      Hello, Ms. Reitz.  Thank you for coming today.  Would you state your name for the record, please.

A      My name is Shelby Reitz.

Q      And what do you do?

A      I am the research manager at a litigation support firm.

Q      And are you also a notary public?

A      I am.

Q      And are you current on your notary stamp?

A      I am.

Q      And do you follow the requirements and regulations of the notary, when notarizing documents?

A      I do, per my company.

Q      Okay.  And do you ever let your notary stamp out of your possession?

A      I do not.

Q      And is it possible that someone got ahold of your notary stamp at any time in the last two months?

A      No.

Q      Okay.

          THE COURT:  Ms. Reitz, just so I -- I know a little bit about the requirements.  But I want the record to reflect, before you notarize a document, do you always request proof of identification?

          THE WITNESS:  So I notarize subpoenas for deposition questions for my job.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Reitz - Direct                    25

THE COURT:  Right.

THE WITNESS:  That is all that I notarize for.

THE COURT:  So you don't -- you aren't, effectively, a public notary.  Is that what you're telling me?

THE WITNESS:  Correct.

THE COURT:  I got it.  Understood.

Sorry for interrupting, Mr. Goldberg.

MR. GOLDBERG:  Yes, sir.

BY MR. GOLDBERG:

Q    Let's go to Exhibit Number 23.

THE COURT:  You can also look at the screen, if that's easier.

THE WITNESS:  Oh, perfect.  Okay.

BY MR. GOLDBERG:

Q    Can you tell me what that is?  Well, let's look at the whole document.  So I think -- and this is -- I will represent to you that this is a pauper's affidavit that was prepared for, allegedly, a Paulette King, on March 18th, 2022.  Okay.  And if you'll go to the bottom of that, can -- is that your notary stamp?

A    That is my notary stamp.

Q    And so, on March 18th, 2022, did you meet a Paulette King and notarize this document?

A    No, sir.

Q    Can you explain to the Court -- so this -- this is a

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Reitz - Direct                                    26

forged document.  Is that correct?

A     Correct.

Q     Can you explain to the Court, or do you have any idea how Paulette King, or whoever prepared this document, would get your notary stamp?

A     For my company, we were the record service for a case involving Unique Green, for Nistico Crouch & Kessler.  And Unique Green was pro se on the case.  And so we have to provide notice to all people in the case, that we're obtaining records on them.  And so since she was pro se, I sent a copy of the notice, along with a subpoena that is notarized by myself, to her address.  And I believe that is how she got a copy of my notary stamp.

Q     Okay.

        THE COURT:  So Ms. Reitz, is that your signature?

        THE WITNESS:  That is not my signature.

BY MR. GOLDBERG:

Q     Okay.  Have you ever had this happen to you before?

A     No, I have not.

Q     And you didn't authorize anyone else to use your stamp, correct?

A     Correct.

        THE COURT:  That, in and of itself, would be crime.

        MR. GOLDBERG:  Yeah.

BY MR. GOLDBERG:

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Q    Would you go to Movant's Exhibit Number 29, please.  Once again, this is a pauper's affidavit in another lawsuit, with Charles Hart.  The first lawsuit, by the way, was with -- against Unique Green, okay.  This one is with -- that's the prior one.

MR. GOLDBERG:  Thank you, Your Honor.

BY MR. GOLDBERG:

Q    And the prior -- this one is with Charles Hart, Jr.  Do you know who Charles Hart, Jr. is?

A    I do not.

Q    Okay.  But we have a pauper's affidavit that's dated March 18th, 2022.  This was just a month ago, okay.  And you would remember if you notarized that.

A    I was not in town a month ago, on that day.  I was actually in College Station on that day with my family --

Q    Okay.  So --

A    -- for spring break.

Q    -- I show you the bottom of this pauper's affidavit.  And it shows that it was notarized, on March 18th, by Shelby Reitz.  Is that your signature?

A    That is not my signature.

Q    Is that your notary stamp?

A    Yes, that's my notary stamp.

Q    Do you have any idea how this notary stamp got on this pauper's affidavit?

 

Reitz - Direct                                 28

A    I believe they took a copy of a notice and subpoena that I sent, on another case, to their home.  And I feel like they cut and pasted my notary stamp on this document.

Q    Okay.  Let's go to Exhibit Number 33.  Once again, this is another lawsuit, that was filed on March 21st, against Credit Acceptance and Melanie Circy.  Do you know a Melanie Circy?

A    I do not.

Q    Do you know if she's related to Unique Green?

A    I do not know.

Q    Do you know if Charles Hart, Jr. is related to Unique Green?

A    I -- I'm not sure.

Q    Okay.  So the -- once again, this is a pauper's affidavit.  It's essentially the same form.  It's dated March 18th.  So you were very busy on March 18th --

A    I was.

Q    -- while you were out of town.

A    Correct.

Q    Is that your signature?

A    No, that is not.

Q    And you -- once again, you did not authorize this stamp, your stamp, to be put on here, correct?

A    I did not.

Q    And, once again, can you tell the Court why you believe that's true?

ACCESS TRANSCRIPTS, LLC         1-855-USE-ACCESS (873-2223)

Reitz - Direct                                    29

A     I believe they took a copy of my stamp on a notice and subpoena that I sent to Unique Green's residence, for the purpose of litigation.

Q     Okay.  These three pauper's affidavits were forged, correct?

A     Correct.

Q     And when I say forged, what do you think I mean?

A     That the -- that's not my signature, somebody signed my name without my knowledge and used my notary stamp without my knowledge.

Q     Okay.

        MR. GOLDBERG:  I have no more -- I pass the witness, Your Honor.

        THE COURT:  All right.  Thank you.

        Mr. Thomas, do you have any questions?

        MR. THOMAS:  No questions, Your Honor.

        THE COURT:  Ms. Green, do you have any questions?

        MS. GREEN:  No, Your Honor.

        THE COURT:  All right.  Thank you.  Ms. Reitz, thank you for attending.

        Any reason Ms. Reitz cannot be excused, Mr. Goldberg?

        MR. GOLDBERG:  What's that?

        THE COURT:   Any reason that Ms. Reitz --

        MR. GOLDBERG:  No, Your Honor.

        THE COURT:  -- cannot be excused?

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

MR. GOLDBERG:  Thank you.

THE COURT:  Thank you --

MR. GOLDBERG:  Thank you so much for coming in --

THE COURT:  -- for coming down.

MR. GOLDBERG:  -- Ms. Reitz.

(Witness excused)

THE COURT:  All right.  Mr. Goldberg, your next witness.

MR. GOLDBERG:  Your Honor, I have under subpoena an Everett Von Moore, and he was served.  Is Everett Von Moore here?

THE COURT:  Mr. Von Moore, are you present in the courtroom?  All right.

So Mr. Goldberg, I'll -- obviously, if he is critical to your case, although I'm not sure that's necessary at this point, I'm happy to issue a bench warrant, if that's what you require.

MR. GOLDBERG:  Well, may I proffer?

THE COURT:  Not without him, not here.

MR. GOLDBERG:  Well, can I reference -- can I refer to the exhibits that I was going to use that are admitted into evidence?

THE COURT:  Well, they're -- absolutely, you can reference exhibits, without commentary.

MR. GOLDBERG:  Okay.  Well, I would ask the Court to

ACCESS TRANSCRIPTS, LLC        1-855-USE-ACCESS (873-2223)

take judicial notice of --

THE COURT:  Don't need to take judicial notice.

MR. GOLDBERG:  Okay.

THE COURT:  It's in evidence.  So if you --

MR. GOLDBERG:  Okay.

THE COURT:  -- want to say, I want you to look at Exhibit X, I'll put it up on the screen and I'll read it.

MR. GOLDBERG:  Okay.  Let's look at 22, first.

THE COURT:  Exhibit 22?  All right.

MR. GOLDBERG:  Yes, Your Honor.  Can I explain to you who Everett Von Moore is?

THE COURT:  I've read Exhibit 22 in its entirety.  What's next?

MR. GOLDBERG:  Okay.  How about Movant's Exhibit 26.

THE COURT:  26, okay.

MR. GOLDBERG:  You'll notice a Mr. Von Moore is the affiant.

THE COURT:  I have read it in its entirety, and I understand the point that you're trying to make.

MR. GOLDBERG:  Let's go to Movant's Exhibit 31.

THE COURT:  31.  All right.

MR. GOLDBERG:  I'm looking -- and please forgive me, Your Honor.  I'm in the middle of a detached retina, and I've got this gas bubble floating around in my head.  So it's a little hard to see.

THE COURT:  Understood.

MR. GOLDBERG:  I'm looking for the email.

(Counsel confer)

MR. GOLDBERG:  49.  So if you'll notice, Your Honor, Exhibit 31 is service on a Charles Hart, Jr., dated March 25th. And if you'll notice, 49 is an email from Andre Wheeler.  And if you'll notice the date.

THE COURT:  Got it.

MR. GOLDBERG:  Does the Court put the dates together correctly?

THE COURT:  I can do that.

MR. GOLDBERG:  Okay.  Thank you.  And, once again, Exhibit Number 35 --

THE COURT:  35.

MR. GOLDBERG:  -- is the service on a Melanie Circy.

THE COURT:  All right.  I've read it.

MR. GOLDBERG:  Obviously, I had some questions for Mr. Von Moore.  But I will pass --

THE COURT:  Understood.

MR. GOLDBERG:  -- on that.

THE COURT:  All right.  Who's your next witness?

MR. GOLDBERG:  Is Corey Moore (phonetic) here?  No. Okay.

I would ask the Court to take a look at Exhibit 36.

THE COURT:  36.  All right.

MR. GOLDBERG:  And if you would notice the dilapidated state of the 116 Elberta.

THE COURT:  And how do I know that this is 116 Elberta?

MR. GOLDBERG:  Trying to think if I had something -- I don't --

THE COURT:  All right.  Then --

MR. GOLDBERG:  -- think it's -- it's not on this particular.

THE COURT:  Then let's just -- who else do you have in the courtroom that you're going to call?

MR. GOLDBERG:  I have, unfortunately, no one else in the courtroom.  I have my co-counsel, who has knowledge of the address and --

THE COURT:  Can't imagine you'd want to do that.

MR. GOLDBERG:  I can't imagine I would.

THE COURT:  All right.  So with that, let's do this.

Mr. Thomas, did you intend on calling any additional witnesses?

MR. THOMAS:  No, Your Honor, I did not.

THE COURT:  All right.  Ms. Green, did you intend on calling any witnesses?

MS. GREEN:  No, Your Honor.  I'm not prepared to.  I don't have -- even know what's going on.

THE COURT:  Okay.  All right.  Then, with that, I

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

will close the record.

Mr. Goldberg, would you like to make any closing argument?

MR. GOLDBERG:  Yes, Your Honor, thank you.

THE COURT:  All right.

MR. GOLDBERG:  I was going to call Ms. Green as a witness, but we're not going to do that, okay.  Your Honor, if you would look at -- let me see which one this is.  Let me just -- I'm on the fly here, Your Honor.  Let me -- there is a couple of exhibits that I wanted you to take a look at.

THE COURT:  Okay.

MR. GOLDBERG:  One is Movant's Exhibit Number 3, Paragraph 1 --

THE COURT:  All right.

MR. GOLDBERG:  -- where the debtor stated that she filed a list of all of her creditors.  I think the record shows that that's not true.  I think the exhibits also show that the phone number that was on those three lawsuits, the 281-408 number, is actually Ms. Green's number.  And if you'll look on Exhibit 6, that was the motion to opposing my appearance --

THE COURT:  Okay.

MR. GOLDBERG:  -- Ms. Green lists her address at 1116 Elberta.  And her phone number is 281-408-3103, which is the same number that's on the pauper's affidavits and all of the other documents.

THE COURT:  Right.

MR. GOLDBERG:  Trying to figure out where the other is.  If you would go to Movant's Exhibit Number 53, this was a lawsuit, in 2013, that is Ms. Green filing suit against Westlake Financial Services, in -- where she alleged she was Car Masters, and got a default judgment in this particular case, on a 2009 Mercedes Benz.  So this shows that she is -- has knowledge of the lawsuits we were talking about.  Incredibly, there's also an order that was issued in this case where she did actually get title.  And that is Exhibit 39.  So this is a course of conduct that's been going on for quite some time.

THE COURT:  Got it.

MR. GOLDBERG:  I think the Court has the ability to read the schedule, statement on financial affairs, understands the inconsistencies and the omissions.  This case screams for the conversion to a Chapter 7 and it screams for a criminal referral to the U.S. Attorneys.

There is something I wanted to point out to you that -- it goes back to 2012.  And, you know, I have in Exhibits 11, 12, 13, 14 -- are just -- 15 are some of the judgments, abstracts of judgments against her, which were not listed in her schedules.  But, more importantly --

MR. THOMAS:  Your Honor, forgive me, but I believe someone is driving a car while they're on the line.

THE COURT: Understood. Mr. Goldberg, let's go ahead and wrap it up.

MR. GOLDBERG: Okay. I want to -- I really need to point one more thing out, Your Honor. On the --

THE COURT: Sure.

MR. GOLDBERG: -- on the change of name, and I'm just trying to figure out which exhibit that was. It is Exhibit 17.

THE COURT: All right.

MR. GOLDBERG: You'll see that they list the offenses, including one felony. And there's an order granting the change of name. But if you'll look in Exhibit 18, okay, there's an order granting the change of name. But if you'll look at Exhibit 19 --

THE COURT: Hold on. Let me -- you're -- now you're going faster than I --

MR. GOLDBERG: Okay.

THE COURT: -- can go. All right. I've now read 18. Let me pull up 19. All right.

MR. GOLDBERG: This was a conviction, in 2007, in front of Judge Atlas, for mail fraud and aggravated identity theft, in which Ms. Green, who was Michael James Green, is Unique Green, was imprisoned. And if you'll notice, in the original petition for change of name, this conviction, right after she got out of prison, was not noted in her original application, which might explain why it was granted.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Oh, if it's necessary, Your Honor, I have Everett Von Moore here.  He just showed up.

THE COURT:  Mr. Moore, sir, if you'd just please have a seat for a couple of minutes.  Thank you, sir.  All right.

Anything else, Mr. Goldberg?

MR. GOLDBERG:  No, Your Honor.  If you'd like, I --

THE COURT:  Just -- all right.

MR. GOLDBERG:  -- it's not --

THE COURT:  So Mr. Thomas, any closing remarks you'd like to make?

MR. THOMAS:  Your Honor, I think the record is crystal clear, that this is a case that belongs in Chapter 7. It certainly does not belong in 13, and it certainly should not be dismissed.

THE COURT:  Okay.  All right.

MR. THOMAS:  Thank you, Your Honor.

THE COURT:  Ms. Green, did you have any closing comments that you wanted to make?

MS. GREEN:  (Indiscernible) motion to dismiss with prejudice be granted.

THE COURT:   All right.  Then, thank you.

I have got before me the expedited motion to convert the case to a Chapter 7.  I do find that I have jurisdiction over the matter, pursuant to 28 U.S.C. Section 1334.  Further find that I have -- or that the matter constitutes a core

proceeding, under 28 U.S.C. Section 157.  I further find that I have the requisite constitutional authority to enter a final order with respect to the motion.

A case under Chapter 13 may be converted to a Chapter 7 upon a demonstration by a party in interest or a creditor, for cause.  In this case, the cause is overwhelming. There is -- there has been uncontested evidence that the civil justice system has been abused and does not serve to provide the requisite oversight to this particular debtor.  I am going to do two things.  Number one, I'm going to grant the motion to convert to a Chapter 7.

Mr. Thomas, I am directing you to immediately contact the U.S. Trustee and identify this as a problematic case so that we get a Chapter 8 trustee appointed immediately.  I am further directing you to obtain a copy of the CourtSpeak recording and send that to Mr. Kincheloe with my request.  I am directing him to -- should he believe it to be appropriate, but I am directing him to conduct an investigation in this case regarding the commission of one or more bankruptcy crimes under 28 -- or under Title 18.

With that, I see no need to trouble the witness that came late.  And so, sir, you are excused.  I will remind you, in the future, you get a subpoena, need to be here on time.  I got things happen.  That's just a reason for coming a bit early.  But you are free to go sir, and I thank you for coming

this morning.

MR. VON MOORE:  Thank you.

THE COURT:  All right.  With that, Mr. Goldberg, what I would like -- what I -- what I'm going to do is I'm going to enter a very simple order that just directs the conversion of the case to a Chapter 7.  It also directs the parties to take such other actions, as stated on the record, pursuant to Bankruptcy Rule 7052.  Would that work for you, sir?

MR. GOLDBERG:  Yes, Your Honor, it will.

THE COURT:  I will get that done today.  Thank you for bringing this to my attention.  This is not one that will slide through the cracks.  Thank you, sir.

MR. GOLDBERG:  Thank you.

THE COURT:  All right.

MR. GOLDBERG:  May I be excused?

THE COURT:  Yes, sir.  Thank you.

I apologize to the folks -- excuse me -- on the 9:30. Let me get CourtSpeak reset, and we'll get started promptly.

Ready, Vriana?  Thank you.

MR. THOMAS:  Your Honor, may I be --

THE COURT:  Mr. Thomas, absolutely.

MR. THOMAS:  Your Honor, may I be excused?

THE COURT:  Yes, sir.  Thank you.

MR. THOMAS:  Thank you.

(Proceedings concluded at 10:04 a.m.)

40

**C E R T I F I C A T I O N**

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ALICIA JARRETT, AAERT NO. 428    DATE: May 19, 2022

ACCESS TRANSCRIPTS, LLC